### BENADUM v. ARMSTRONG *et al.*

No. 4094.  Opinion Filed January 26, 1915.

(146 Pac. 34.)

**INDIANS—Allotments—Right to Alienate—Removal of Restrictions.**
The restriction against alienation of the land of a Cherokee freedman allottee was removed as to the surplus by Act April 21, 1904, c. 1402, 33 Stat. 189, and as to the homestead by Act May 27, 1908, c. 199, 35 Stat. 312. The fact that patent had not issued for such allotments was not a bar to alienation by the allottee subsequent to the taking effect of the above acts of Congress.

(Syllabus by Galbraith, C.)

*Error from District Court, Nowata County;*

*T. L. Brown, Judge.*

Action by R. S. Armstrong and another against George W. Benadum. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Gilbert M. Gander,* for plaintiff in error.

*Glass & Weaver,* for defendants in error.

Opinion by GALBRAITH, C.  This action was commenced in the court below by defendants in error for the purpose of

quieting title and canceling deeds and removing cloud from the title of the lands described in the petition. The petition charged that the plaintiffs were the owners of the legal title and were in possession of certain lands, describing them by metes and bounds, and that the said lands were part of the allotment of Jesse Brown, Jr., a duly enrolled freedman of the Cherokee Nation; that 50 acres of the land was the surplus allotment of Jesse Brown, Jr., and was conveyed to them by warranty deed on the 6th day of December, 1904, and that ten acres of the land, being a part of the homestead, was conveyed to the plaintiffs by warranty deed of July 27, 1908; that their said deeds were properly recorded in Nowata county, Oklahoma, where the land is located; that the defendant, Benadum, was claiming title to said land under a deed from Jesse Brown, Jr., dated May 23, 1910; that this deed was void, because the grantor therein had no title to convey at that time, and that said deed was duly recorded in the office of the register of deeds of Nowata county, and operated as a cloud upon plaintiff's title, and should be removed. The prayer was for the cancellation of the Benadum deed, the removal of the cloud, and the quieting of the title to the land in the plaintiffs.

The defendant, Benadum, demurred to the petition, alleging that it failed to state facts sufficient to constitute a cause of action. This was overruled, and an answer filed, alleging that the deed of December 6, 1904, under which the plaintiffs claimed the title to the 50 acres of surplus allotment, was void because the grantor in said deed had no right to convey at that time, and prayed for a cancellation of that deed, and for a decree quieting title to the 50 acres in himself.

A jury was waived, and the cause submitted to the court for trial. The court found that Jesse Brown, Jr., was a duly enrolled Cherokee freedman, and that he was more than 21 years of age on the 6th day of December, 1904; that the 50 acres described in the deed of that date was his surplus allotment, and that he had the legal right to convey the same at that time, and for a valuable consideration did convey it to the plaintiffs; that

he was also qualified to execute the deed of July 27, 1908, and that he did by that deed convey ten acres of his homestead allotment, as he had a legal right to do at that time, and that the plaintiffs were the legal owners and in the possession of the land in controversy, and were entitled to have the title thereto quieted in them; that the deed under which the defendant, Benadum, claimed, conveyed no interest in the land, for the reason that the grantor had no title or interest therein to convey at the time of the execution of that deed, and that the same should be canceled, and the cloud created by the record thereof be removed, and decreed according to these several findings. To reverse this judgment and decree the defendant has perfected an appeal to this court.

First, it is contended that the court erred in overruling the demurrer to the petition. This assignment is not well taken, for the reason that the petition contained all the necessary allegations to state a cause of action. Likewise the demurrer to the evidence was properly overruled, for the reason that the testimony tended to support the allegations of the petition. It appears from the record that the allotment certificate of Jesse Brown, Jr., for both his surplus and homestead allotment, bears date of November 30, 1904, and that the patent was issued to him for the land on the 18th day of September, 1908, and that the patent was approved by the Department of the Interior on December 5, 1908.

It is contended on behalf of the plaintiff in error that the allottee, Jesse Brown, Jr., had no right to convey the land to the defendants in error by deed of December 6, 1904; that under sections 14 and 15 of the Cherokee Agreement of July 1, 1902 (32 Stat. 717), providing that all land allotted to members of said tribes, except the homestead, were alienable in five years after the issuance of patent, and not prior thereto, and since the patent to the allottee, Jesse Brown, Jr., did not issue until long after the date of this deed, that the deed is for that reason void. The correctness of this contention has been denied in *Bledsoe v.*

*Wortman,* 35 Okla. 261, at page 264, 129 Pac. 841, at page 842, where the court, in its opinion, said:

"The allotment having been selected, the fact that no patent had issued did not prevent the conveyance of the allottee's equitable estate therein. *Goat et al. v. United States, supra* [224 U. S. 458, 32 Sup. Ct. 544, 56 L. Ed. 841] ; *Godfrey v. Iowa Land & Trust Co.,* 21 Okla. 293, 95 Pac. 792; *McWilliams Inv. Co. v. Livingston et al.,* 22 Okla. 884, 98 Pac. 914."

And again, in *Wood, County Treasurer, v. Gleason,* 43 Okla. 9, 140 Pac. 418, the first paragraph of the syllabus reads:

"After all the requirements of the acts of ,Congress and the so-called agreements providing for the distribution of Indian lands have been complied with, the title of the allottee becomes fixed and absolute, and the execution and delivery of the patent after the right has become complete are the mere ministerial acts of the officers charged with that duty."

That the restrictions against the alienation of the surplus allotment of Jesse Brown, Jr., were removed by the Act of April 21, 1904, is equally well settled. The court, on this question, in *Bledsoe v. Wortman, supra,* said:

"The restriction removal provision of Act April 21, 1904, c. 1402, 33 Stat. 189, harmonizes with said sections 14 and 15, as restrictions upon the alienation of the lands of allottees of the Five Civilized Tribes, who are not of Indian blood, except minors, and as to homesteads, are removed. Prior to April 21, 1904, the lands of the Cherokee Nation were absolutely inalienable until allotted to members of said tribe. Said Act of April 21, 1904, sought to take off this restriction as to certain lands of *allottees,* not to remove restrictions upon the distributive share of any member of the tribe prior to allotment. The restriction which had been imposed upon the allottees by said sections 14 and 15 was only in part removed. Such parties became allottees only after the land had been allotted to them."

Also in the case of *Thraves v. Greenlees,* 42 Okla. 764, 142 Pac. 1021, the right of the Cherokee freedman to convey his surplus allotment, after the issuance of allotment certificate, and subsequent to the approval of Act April 21, 1904, is sustained. The second paragraph of the syllabus in that case reads:

"Such authority, without regard to any previous legislation, is conferred by the Act of April 21, 1904 (32 Stat. 189), removing restrictions upon the alienation of lands of all allottees of either of the Five Civilized Tribes of Indians, not of Indian blood, except minors, and except as to homesteads."

Under these authorities the right of Jesse Brown, Jr., to convey his surplus allotment by deed of December 6, 1904, cannot be questioned, and the Act of May 27, 1908 (35 Stat. 312), removed the restrictions against the alienations of the homestead allotment of Jesse Brown, Jr. He therefore had the right to convey the ten acres of homestead on July 27, 1908. The finding of the trial court in favor of the right to execute the deeds under which the defendants in error claimed is therefore sustained by the law.

This disposes of the assignments that are really worthy of consideration. Some assignments as to the ruling of the court in admitting and excluding evidence are made; but these are not presented in the manner prescribed by the rules of this court, and for that reason have not been considered and passed upon.

It is therefore recommended that the judgment appealed from be affirmed.

By the Court: It is so ordered.